900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORTH RIVER INSURANCE COMPANY, INC., t/a Crum & Foster;
James K. Rosenbaum, Plaintiffs-Appellees,
v.
RAPID RENTALS, INC., t/a Budget Rent-a-Car, Defendant-Appellant.
 No. 89-2741.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 12, 1990.
Decided: March 30, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-88-1568-A).
 Carol Thomas Stone, Jordan, Coyne, Savits & Lopata, Fairfax, Va., for appellant.
 Kevin Lee Locklin, Slenker, Brandt, Jennings & Johnston, Merrifield, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 North River Insurance Company brought this indemnity suit against Rapid Rentals, Inc. after receiving an adverse judgment in a prior suit involving one of its insureds. The underlying suit arose from an automobile accident in which James Rosenbaum, who was driving a car he had rented from Rapid, crashed into a car driven by Mark Rudy. The accident exposed Rapid, which was self-insured, to $20,000 of coverage as the primary insurer and exposed North River, Rosenbaum's insurance carrier, to $100,000 of coverage as the excess insurer. North River defended the underlying suit and received an adverse judgment of $20,000. When Rapid refused to indemnify North River for that amount, North River brought this action.
 
 
 2
 The district court granted summary judgment in favor of North River and entered judgment against Rapid for $20,000. The court found that Rapid had notice of the accident and had obtained all pertinent medical records, bills, and reports. The court also found that Rapid knew in advance that Rudy would be suing Rosenbaum, received actual notice of the suit more than 60 days prior to trial, and had every opportunity to enter the case or ask for a continuance. The district court concluded that Rapid was not prejudiced by late notice of suit and thus, as the primary insurer, could not refuse North River's claim for indemnity.
 
 
 3
 After reviewing the parties' briefs and hearing oral argument, we affirm the judgment of the district court.
 
 
 4
 Rapid's first contention is that North River's delay in notifying Rapid of the underlying suit constituted a waiver of North River's right to indemnity. Both parties agree that waiver requires an intentional relinquishment of a known right. Stanley's Cafeteria, Inc. v. Abramson, 306 S.E.2d 870 (Va.1983). Here, there was no waiver. Nothing in the record suggests that North River intentionally relinquished its right to indemnification by Rapid, and Rapid's attempt to prove waiver by implication fails as a matter of law. Id.
 
 
 5
 Next, Rapid argues that North River was estopped--either by its silence or by virtue of its purportedly inconsistent positions--from bringing suit. Like waiver, estoppel based on silence requires a showing of, among other things, intent to mislead. National Airlines, Inc. v. Shea, 292 S.E.2d 308 (Va.1982). Because Rapid has brought forth no evidence that North River intended to deceive Rapid by its silence or that North River intended Rapid to rely on its silence in any way, this argument lacks merit.
 
 
 6
 Rapid's argument based on estoppel by inconsistent positions is also unpersuasive. Rapid contends that because North River took responsibility for litigating the underlying personal injury suit, it assumed the position of the primary insurer and is now estopped from claiming indemnity from Rapid. However, a secondary carrier with greater exposure often takes over the defense when, as here, the primary carrier has minimal exposure. There is thus nothing inconsistent in North River's position, especially in light of the fact that Rapid had notice of the suit.
 
 
 7
 Finally, Rapid argues that the district court erred in granting summary judgment in favor of North River because a genuine issue of material fact existed as to whether Rapid was prejudiced by North River's late notice of the underlying personal injury suit. The parties disagree about which law should apply to resolve this issue; Maryland allows an insurer that is "actually prejudiced" by late notice to deny coverage, Md.Ann.Code, Art. 48A, Sec. 482 (1986), while Virginia requires only "prejudice," Va.Code Sec. 38.2-2204 (1986). This disagreement, though, is beside the point. The district court found that Rapid knew about and investigated the accident, knew that the injured driver would be filing suit, and had actual notice more than two months prior to trial. Under the law of either state, Rapid clearly was not prejudiced.
 
 
 8
 The essence of this case is that Rapid had notice of the underlying suit in which it was exposed as the primary insurance carrier, and chose to do nothing. It cannot now avoid its responsibilities as the primary insurer. The judgment of the district court is
 
 
 9
 AFFIRMED.